```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


                                   :
BRISTOL HEIGHTS ASSOCIATES,        :
LLC                                :
                                   :
v.                                 :   CIV. NO. 3:12CV01658 (JCH)
                                   :
CHICAGO TITLE INS. CO.             :
                                   :
```

RULING DEFENDANT'S MOTION TO QUASH SUBPEONAS, FOR PROTECTIVE
             ORDER AND FOR AWARD OF EXPENSES

Defendant, Chicago Title Insurance Company ("Chicago Title"), moves this Court pursuant to Rule 26(c)(1) & (3) and Rule 45(c)(3) of the Federal Rules of Civil Procedure to enter a protective order and to quash two subpoenas served by plaintiff, Bristol Heights Associates, LLC ("Bristol Heights") on Chicago Title's trial counsel in the pending Connecticut state court action: Chicago Title Ins. Inc. Co. v. Bristol Heights Assocs., LLC, X02 UWY-CV07-402047 ("State Court Action"); and in Bristol Height's appeal of the judgment in that action before the Connecticut Appellate Court (Case no. AC 34040). Oral argument was held on March 26, 2013.

1

I.  **BACKGROUND**

This case is the fourth litigation between the parties regarding a dispute arising from the same transaction and set of facts. That dispute concerns: (1) an owner's title insurance policy underwritten by Chicago Title for a parcel of real property located in Bristol, Connecticut, owned by Bristol Heights; (2) the tax liens filed against the Property by the City of Bristol; (3) the plaintiff's payment of the taxes secured by the liens; and (4) the plaintiff's claim under the Policy for recovery of the tax payment.

In this action, Bristol Heights claims that Chicago Title had an obligation to bring an action against Lewis Volpicella, the grantor of the deed for the Property, to enforce the warranty of title given in the deed. [Compl. Count One: Negligence ¶¶8, 11-13; Count Two: Breach of Contract ¶¶11-13]. Chicago Title denies these claims and asserts affirmative defenses of res judicata, discharge of contract by plaintiff's breach, statute of limitations, contributory negligence and failure to mitigate. [Doc. #13].  Defendant "maintains that as a result of Bristol Height's actions it had no such obligation, particularly so after Bristol Heights executed and delivered a release to Mr. Volpicella for any claims under the warranty deed." [Doc. #36 at 1].

2

**II.   DISCUSSION**

    **A.   Fed. R. Civ. P. 26(c)(1)(A)**

Defendant's motion is granted pursuant to Fed. R. Civ. P. 26(c)(1)(A).

The Federal Rules of Civil Procedure provide that parties may obtain discovery, including by oral depositions, "regarding any matter, not privileged, that is relevant to the claim or defense of any party" and that "[r]elevant information need not be admissible." Fed. R. Civ. P. 26(b)(1). However a district court may limit:

> The frequency or extent of the use of discovery methods otherwise permitted under [the federal] rules . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).

In In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 72 (2d Cir. 2003), the Second Circuit stated that "the standards set forth in Rule 26 require a flexible approach to lawyer depositions whereby the judicial officer supervising discovery takes into consideration all of the relevant facts and

circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship." The Second Circuit suggested several non-exclusive factors that courts should consider when analyzing whether the proposed deposition of an attorney-witness is appropriate. These considerations include "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." Id.

    Plaintiff has provided no basis for deposing Chicago Title's state trial counsel except to state that it "needs to depose Attys. Girard and O'Hanlan about matters that only they can testify to . . . ." Doc. #37 at 3]. Bristol Heights contends that, "there is simply no obligation that a lawyer must inform their opponent of their intended subjects or questions in advance" of the deposition. [Doc. #37 at 5]. In its moving papers, Chicago Title represented that Bristol Heights offered to forego the depositions if the parties could agree on an "acceptable fact stipulation that Chicago Title never brought a claim concerning its rights and obligations to sue [Lew] Volpicella for breach of warranty." [Doc. #26-2 at 11]. Chicago

4

Title admitted this fact in its Rule 26(f) report.[1]  When closely questioned by the Court at oral argument, counsel for Bristol Heights stated that the depositions were intended to test the "candor" and "credibility" of Attorneys Girard and O'Hanlan, without articulating what, if any, testimony the attorneys might offer that cannot be obtained from their client Chicago Title. The Court finds that plaintiff has failed to articulate any basis for questioning trial counsel regarding Chicago Title's litigation strategy that would not be protected under the attorney client privilege or work product doctrine.  See Hickman v. Taylor, 329 U.S. 495, 511-12 (1947) (the burden rests on the person seeking the discovery to "establish adequate reasons to justify production.").

   Defendant argues that, to the extent that Bristol Heights seeks to question Attorneys Girard and O'Hanlan regarding defendant's affirmative defenses of collateral estoppel and res judicata, these questions would also be protected by the attorney-client privilege. [Leventhal Aff. ¶8 (stating that Att. Zimmerman "did not understand the basis for two of the affirmative defenses filed in this action by Chicago Title, res

---

[1] Chicago Title argues, and the Court agrees, that it is undisputed that Chicago Title has never sued Mr. Volpicella on behalf of Bristol Heights; nevertheless, a request for admission under Rule 36 can resolve this matter without deposing Attorneys Girard and O'Hanlan. [Doc. #39 at 5].

judicata and collateral estoppel, and needed to question Mssrs. O'Hanlan and Girard on those issues."). Bristol Heights did not pursue this argument in its opposition brief or at oral argument. Accordingly, the Court finds this argument waived.

Defendant argues on summary judgment that Chicago Title could not maintain any action against Mr. Volpicella for breach of warranty because Bristol Heights had released Mr. Volpicella from any claims under the warranty deed. In plaintiff's Motion to Defer Consideration of Defendant's Motion for Summary Judgment [Doc. #41], Bristol Heights contends that, "discovery is needed to learn of the extent of collusion by Mr. Volpicella with Chicago Title against Bristol Heights, which discovery may also give rise to additional claims of civil conspiracy and tortious interference." [2] [Doc. #41 at 1 (emphasis added)]. Specifically, Bristol Heights claims Attorneys Girard and O'Hanlan, and possibly other witnesses, "will have information relevant to the issue of whether Mr. Volpicella induced Bristol Heights into giving him a release by fraud or else violated its

---

[2] Indeed, in the Motion to Defer, plaintiff states that "[d]iscovery in the form of the depositions that are the subject of Chicago Title's pending motion to quash will also enable Bristol Heights to obtain testimony that would bear on the Court's analysis of Chicago Title's res judicata defense." [Doc. #41 at 2]. As stated, Bristol Heights did not raise this argument in its opposition brief, or state how these witnesses would be qualified to provide testimony on the subject.

terms or spirit by <u>colluding</u> with Chicago Title against Bristol Heights." Id. at 2 (emphasis added). Plaintiff added that, "the witnesses in question are experienced litigators and their testimony as to what claims were and were not brought by Chicago Title in its declaratory judgment action can bear on this Court's consideration of Chicago Title's present res judicata defense."[3] Id. Plaintiff further states in the Motion to Defer that its "efforts to obtain this discovery has been <u>obstructed</u> by Chicago Title's filing of a motion to quash." Id. at 3. (emphasis added)]. In an affidavit appended to the Motion to Defer, Attorney Bruce Matzkin avers that the "[d]epositions of Attys. Edward O'Hanlan and Christopher Girard . . . are necessary to learn the extent of Mr. Volpicella's <u>collusion</u> against Bristol Heights, which could give rise to a claim of civil conspiracy against him and Chicago Title. Also any evidence that Chicago Title knew of Mr. Volpicella's agreement with Bristol Heights and tortiously interfered with it would likely come out in the course of discovery." [Matzkin Aff. ¶16 (emphasis added)].[4] Plaintiff did not offer anything in support

---

[3] Plaintiff can easily ascertan from the relevant pleadings "what claims were and were not brought." Any inquiry into attorney or client decision making about what claims to pursue would invade the privilege.

[4] On summary judgment, defendant argues, "[r]egardless of who the plaintiff would be Chicago Title could not maintain any action against Mr. Volpicella. Bristol Heights had released Mr.

7

of this legal theory to justify examination of Attorneys Girard and O'Hanlan.

In weighing the Friedman factors, the Court finds that plaintiff has failed to articulate any basis for deposing Attorneys Girard and O'Hanlan.  Accordingly, the Motion to Quash, for Protective Order and an Award for Expenses is **GRANTED**.

### B. Fed. R. Civ. P. 45(b)(1)

Defendant's Motion to Quash is also **GRANTED** pursuant to Fed. R. Civ. P. 45(b)(1) for failure to tender a witness fee simultaneously with the subpoenas. Without a fee, they are invalid and unenforceable.

### III. CONCLUSION

For the reasons stated, defendant's Motion to Quash Subpoenas, for Protective Order and an Award of Expenses **[Doc. #26]** is **GRANTED**. Defendant will file a Motion for Award of Expenses with supporting documentation within fourteen days.

This is not a recommended ruling.  This is a ruling on discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. §636

---

Volpicella and for Chicago Title to thereafter sue him would be vexatious, it would be in violation of Fed. R. Civ. P. 11, and would be subject to immediate determination in favor of Mr. Volpicella by the presiding court." [Doc. #36-2 at 9].

(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

   SO ORDERED at Bridgeport this 28th day of March 2013.


                              ____/s/_____
                              HOLLY B. FITZSIMMONS
                              UNITED STATES MAGISTRATE JUDGE